```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CRIM ACTION NO. 2:17-CR-2-1**
　　　　　　　　　　　　　　　　　　　　　　　　**(KLEEH)**

**CESAR M. NAVARRO,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 412], OVERRULING OBJECTIONS [ECF NO. 437], AND DENYING DEFENDANT'S MOTION FOR RETURN OF PROPRETY [ECF NO. 402]**

    **I.**　　**BACKGROUND AND REPORT AND RECOMMENDATION**

On January 19, 2024, pro se Defendant Cesar M. Navarro ("Defendant" or "Navarro") filed his *Motion with Incorporated Memorandum for Return of Non-Forfeited Property Pursuant to Fed. R. Crim. P 41(g)* [ECF No. 402]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 404. On February 5, 2024, the Government filed its response in opposition [ECF No. 406]. Though the Magistrate Judge granted Defendant leave to file a reply brief by March 29, 2024 [ECF No. 408], no such reply was filed.

On April 22, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that Defendant's pro se motion be denied. ECF No. 412. The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R

to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." Id. It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. Thereafter, Defendant moved for an extension to file objections to the R&R, which this Court granted on May 14, 2024. ECF No. 431. Defendant subsequently filed his objections to the R&R on May 24, 2024. ECF No. 437.

## II.  OBJECTIONS AND STANDARD OF REVIEW

Defendant filed four objections to the R&R. ECF No. 437. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

When a party does make objections, but these objections are

2

so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

### III. DISCUSSION

Defendant raises four objections. First, Defendant objects generally to all "portions of the R&R that recommend the denial

3

of his pro se motion for the return of property." ECF No. 437 at p. 2. This first objection fails to direct the court to any specific claimed error and lacks specificity. Thus, Defendant's first objection is only entitled to clear error review, and finding none, the Defendant's first objection is **OVERRULED**.

Second, Defendant objects to the Magistrate Judge's finding that the DVR hard drive was destroyed. Id. Defendant asserts that the Government did not provide concrete proof of the DVR's destruction and that the Magistrate Judge just accepted the United States's assertion. Id. The R&R states that the Government argued it could not return the DVR hard drive because it no longer exists. ECF No. 412 at p. 2. The R&R further provides that Defendant did not offer evidence to contradict the Government's representation. Id.

Federal Rule of Criminal Procedure 41(g) provides in pertinent part that a motion for the return of property must include "evidence on any factual issue necessary to decide the motion." As highlighted in the R&R, Defendant does not provide any evidence to support that the DVR is still in the Government's possession or contradict that it was not destroyed. "Furthermore, the Government cannot return property it does not possess, and therefore a motion for the return of property must be denied if the Government does not have possession of the sought-after property." Bennett v. United States, No. 3:11-CV-

4

103, 2012 WL 1752425, at \*3 (N.D.W. Va. Apr. 13, 2012), report and recommendation adopted, No. 3:11-CV-103, 2012 WL 1752409 (N.D.W. Va. May 16, 2012). Thus, the Magistrate Judge rightly decided the motion based upon the evidence in the record and Defendant's second objection is **OVERRULED**.

Third, Defendant objects to the R&R arguing that the doctrine of laches was inappropriately applied to the case without analysis of its applicability. ECF No. 437 at pp. 2-3. However, the R&R clearly states that the Magistrate Judge did not "address the [doctrine of laches] argument." ECF No. 412 at p. 2, n. 1. Because the Magistrate Judge did not consider the Government's doctrine of laches argument or rely upon it in making its report and recommendation, Defendant's third objection is **OVERRULED**.

Fourth, while labeled as an objection, Defendant asks the Court to elaborate on potential avenues of relief or compensation through a civil claim. ECF No. 437 at p. 3. Importantly, the Court cannot give a pro se defendant legal advice. See Ellis v. United States, No. 5:11-CV-00096, 2013 WL 4679933, at \*10 (S.D.W. Va. Aug. 30, 2013); Sari v. Am.'s Home Place, Inc., No. L:14-CV-1454-GBL-JFA, 2015 WL 12780462, at \*5 (E.D. Va. Apr. 2, 2015) ("The general rule, then, is that courts need not provide substantive legal advice to pro se litigants."); July v. Board of Water and Sewer Com'rs of City of

5

Mobile, Civ. Action No. 11-635-WS-N, 2013 WL 66646, at * 1 (S.D. Ala. Jan. 4, 2013) ("[N]otwithstanding [the] plaintiff's potential *pro se* status ..., th[e] [c]ourt cannot give him legal advice or act as his *de facto* legal counsel in helping him to perfect any appeal he may wish to pursue."); Seitzinger v. Reading Hosp. & Med. Ctr., Civ. Action No. 95-5926, 1996 WL 689099, at *2 (E.D. Pa. Nov. 21, 1996) ("Neither the [c]ourt nor its staff are permitted to give legal advice to litigants or counsel."); U.S. v. Barfield, 969 F.2d 1554, 1558 (4th Cir. 1992) (quoting McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984) ("Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course."). Thus, to the extent Defendant's fourth objection asks for legal advice, the objection is **OVERRULED**.

Notwithstanding, the Court **ADOPTS** the Magistrate Judge's recommendation and **DIRECTS** the Clerk of Court to open a new civil action regarding the ultimate disposition of Defendant's motion for the return of his property.[1]

---

[1] "A postconviction motion for return of property seized as part of a criminal investigation brought under Fed.R.Crim.P. 41(g) is an equitable civil action." Hill v. United States, No. 1:12CV92, 2012 WL 7801142, at *2-3 (N.D.W. Va. Nov. 20, 2012), report and recommendation adopted, No. 1:12CV92, 2013 WL 1192312 (N.D.W. Va. Mar. 22, 2013) (citing United States v. Garcia, 65 F.3d 17, 20-21 (4th Cir. 1995)).

## IV.  CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the R&R [ECF No. 412] and **OVERRULES** Defendant's objections [ECF No. 437]. Accordingly, Defendant's *Motion with Incorporated Memorandum for Return of Non-Forfeited Property Pursuant to Fed. R. Crim. P 41(g)* [ECF No. 402] is **DENIED**. The Court **DIRECTS** the Clerk to open a new civil action regarding the ultimate disposition of Defendant's motion for the return of his property.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Defendant via certified mail, return receipt requested.

**DATED:** June 5, 2024

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA